UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

SUSSIE D,[1]

        Plaintiff,

v.

COMMISSIONER, Social Security Administration,

        Defendant.

Case No. 6:20-cv-00408-MK

**OPINION AND ORDER**

**Kasubhai,** United States Magistrate Judge:

      Plaintiff Sussie D. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 15. For the reasons that follow, the Commissioner's final decision is REVERSED and this case is REMANDED for further proceedings consistent with this Opinion and Order.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

Page 1 — OPINION AND ORDER

## PROCEDURAL BACKGROUND

Plaintiff filed her application for DIB in December 2016, alleging disability beginning August 22, 2016. Tr. 13.[2] Her claims were denied initially and upon reconsideration. *Id.* Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held in January 2019. *Id.*; Tr. 27–69. On February 15, 2019, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 10. The Appeals Council denied Plaintiff's request for review making the ALJ's decision the final decision of the Commissioner. Tr. 1. Plaintiff's timely appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 54 years old at her alleged onset date. Tr. 187. She completed education through high school and has past relevant work as a service supervisor and stocker. Tr. 182–83. Plaintiff alleges disability based on a combination of mental and physical impairments, including post-traumatic stress disorder ("PTSD"), severe anxiety, fibromyalgia, chronic pain, high cholesterol, and stomach issues. Tr. 181.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's]

---

[2] "Tr." citations are to the Administrative Record. ECF No. 10.

conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that

the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since her alleged onset date. Tr. 16. At step two, the ALJ found that Plaintiff had the following severe impairments: PTSD and anxiety disorder. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. *Id*. The ALJ found that Plaintiff had the RFC to perform a full range of work at all exertional levels, with the following non-exertional limitations:

> [She] can perform simple routine tasks and can tolerate no more than occasional, indirect public contact. Additionally, [she] cannot participate in team-based work activity.

Tr. 18.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 20. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy such that Plaintiff could sustain employment despite her impairments. *Id.* The ALJ thus found Plaintiff was not disabled within the meaning of the Act. Tr. 21.

## DISCUSSION

Plaintiff asserts that remand is warranted for three reasons: (1) the ALJ erred by improperly rejecting Plaintiff's subjective symptom testimony; (2) the ALJ failed to identify legally sufficient bases to reject lay witness statements; and (3) the ALJ erred in weighing the medical opinion evidence. The Court addresses each argument in turn.

### I.     Subjective Symptom Testimony

Plaintiff assigns error to the ALJ's evaluation of her subjective symptom testimony. Pl.'s Op. Br. at 15, ECF No. 11. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion [that] the claimant is not credible is insufficient; instead, the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently

specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms.[3] SSR 16-3p, *available at* 2016 WL 1119029, at *1–2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

The ALJ rejected Plaintiff's subjective symptom testimony on the grounds that while her impairments could reasonably be expected to cause the alleged symptoms, her "statements concerning the intensity, persistence and limiting effect of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." Tr. 18.

The Commissioner asserts the medical evidence did not support Plaintiff's claimed limitations and therefore the ALJ was justified in his rejection of her testimony. Def.'s Br. 2–4, ECF No. 12. In some circumstances, an ALJ may reject subjective complaints where the claimant's "statements at [their] hearing do not comport with objective medical evidence in

---

[3] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p.

[their] medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). However, an ALJ may not cherry-pick isolated instances of improvement when the record as a whole reflects longstanding disability. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014); *see also Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). Moreover, a lack of objective evidence may not be the sole basis for rejecting a claimant's subjective complaints. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("Once a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.") (internal quotation marks and brackets omitted).

Regarding Plaintiff's mental impairments, the Commissioner directs the Court to the opinions of two non-examining doctors: Winifred Ju, Ph.D., and Sergiy Barsukovs, Psy.D. The doctors found, *inter alia*, that the Plaintiff had fair to good interpersonal presentation, was pleasant, had intellectual skills that were average or low-average, and showed only mildly impaired cognitive functioning. *See* Def.'s Br. 3 (citing Tr. 307). Other than parroting the ALJ's summary of the medical evidence, however, the Commissioner fails to articulate how those doctors' observations actually undermined Plaintiff's subjective complaints and therefore falls short of the requisite clear-and-convincing standard. *See Smolen*, 80 F.3d at 1284 ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion.") (citation omitted).

Moreover, the Ninth Circuit has rejected reliance on similar reports. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (rejecting an ALJ's reliance of the claimant's "good eye contact, organized and logical thought content, and focused attention" because "[t]hese observations of cognitive functioning during therapy sessions [did] not contradict [the

claimant's] reported symptoms of depression and social anxiety"). Finally, the Court notes that these doctors never actually treated or examined Plaintiff. As such, the ALJ failed to supply clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony relating to her mental impairments.

Regarding Plaintiff's physical impairments, the Commissioner directs the Court to Plaintiff's primary care records and the records of Dr. Mike Henderson. *See* Def.'s Br. 3 (citing Tr. 16; Tr. 43–44). The Commissioner asserts (1) that many treatment records did not include fibromyalgia on the list of active problems, and (2) that Plaintiff's primary care physicians reported gabapentin controlled her symptoms well. *See* Def.'s Br. 3–4. Treatment records as well as the "type, dosage, effectiveness, and side effects of any medication" are appropriate factors for an ALJ to consider in assessing a claimant's subjective symptom testimony. 20 C.F.R. § 404.1529(c). Further, "[i]mpairments that can be controlled effectively with medication are not disabling[.]" *Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006).

Here, the ALJ failed to consider Plaintiff's limited improvement in the broader context of the record as a whole. While fibromyalgia had not yet been diagnosed in the records cited by the Commissioner, it was established by the time Plaintiff appeared at a cardiology follow-up in September 2015. Tr. 367. A careful review of the record also reveals that the ALJ overstated the effectiveness of Plaintiff's symptom management. Plaintiff's primary care records indicate she had been taking gabapentin prior to September 2015. Tr. 301. Later records indicated that gabapentin took "the edge off," and described Plaintiff's pain level as a 5 out of 10 with the medication. Tr. 304. By October 2017, however, Plaintiff's dose of gabapentin tripled from 300mg to 900mg—the maximum dose. Tr. 325; Tr. 43. At that time, one of Plaintiff's primary care physicians, Dr. Paul Johnson, noted that Plaintiff was experiencing "significant symptoms"

of fibromyalgia and "profound fatigue." Tr. 319; Tr. 321.

As the Ninth Circuit has consistently explained: "[c]ycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison*, 759 F.3d at 1017. Accordingly, when viewed in context, Plaintiff's reports of short-lived improvements were not clear and convincing reasons for the wholesale rejection of her subjective symptom testimony relating to her physical impairments.[4]

In sum, the ALJ failed to supply clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony.

## II.     Lay Witness Testimony

Plaintiff assigns error to the ALJ's evaluation of the lay witness statements. Pl.'s Op. Br. 15–16. Lay witness testimony regarding the severity of a claimant's symptoms or how an impairment affects a claimant's ability to work is competent evidence that an ALJ must take into account. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). To reject such testimony, an ALJ must provide "reasons that are germane to each witness." *Rounds v. Comm'r*, 807 F.3d 996, 1007 (9th Cir. 2015) (quoting *Molina*, 674 F.3d at 1114 (remaining citation omitted)). Further, the reasons provided must also be "specific." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (citing *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009)). However, where the ALJ has provided clear and convincing reasons for rejecting the claimant's symptom testimony, and the lay witness has not described limitations beyond those alleged by

---

[4] Plaintiff's argument that the ALJ erred in failing to include any limitations related to fibromyalgia in her RFC is well taken. Pl.'s Op. Br. 7–9. On remand, the ALJ must specifically address Plaintiff's fibromyalgia and its impact on Plaintiff's ability to function.

the claimant, the ALJ's failure to provide germane reasons for rejecting lay testimony can be harmless. *Molina*, 674 F.3d at 1121–22.

The record contains a lay witness statement submitted by Plaintiff's friend, Simone K. Tr. 212–19. The ALJ assigned these statements "limited weight" because Simone K. was "not a disinterested party." Tr. 20.

The Commissioner asserts any error was harmless because the lay witness statement supported Plaintiff's subjective symptom testimony, which the ALJ properly rejected. However, as discussed above, the ALJ failed to supply legally sufficient reasons for rejecting Plaintiff's subjective complaints. Accordingly, the Court finds the ALJ's failure to supply a germane reason for rejecting the lay witness statements was harmful error.

### III.    Medical Evidence

Plaintiff contends that the ALJ improperly assessed the medical evidence of record. Pl.'s Op. Br. 9–14, ECF No. 11. The ALJ is responsible for resolving conflicts in the medical record, including conflicting doctors' opinions. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). The law distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *See* 20 C.F.R. §§ 404.1527, 416.927.[5] The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating doctor's opinion that is not contradicted by the opinion of another doctor can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). Where a doctor's opinion is contradicted,

---

[5] The Commissioner has issued revised regulations changing this standard for claims filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Plaintiff's claim was filed before March 27, 2017, and therefore is controlled by 20 C.F.R. §§ 404.1527, 416.927.

however, the ALJ must provide "specific, legitimate reasons" for discrediting the opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). An ALJ can meet this burden by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quotation omitted).

Robert S. Horowitz, Ph.D., served as Plaintiff's treating psychologist. Tr. 311. In his November 2018 treatment summary letter, Dr. Horowitz explained he had seen Plaintiff approximately 20 times since March 2017. Tr. 352. During the course of Plaintiff's therapy sessions, Dr. Horowitz observed that Plaintiff was unable to stand or sit for long periods of time, her ability to interact with others was impaired due to anxiety, and that she experienced intermittent depression, anxiety, flashbacks, and intrusive thoughts. Tr. 311; Tr. 352. Dr. Horowitz diagnosed Plaintiff with PTSD. Tr. 354. The doctor also concluded that Plaintiff's chronic pain and PTSD symptoms rendered her unemployable. Tr. 352.

The ALJ rejected Dr. Horowitz's opinions. Tr. 19. The Commissioner argues that rejection was proper because: (1) the doctor's conclusion that Plaintiff was unemployable was "based on an issue that is reserved under the Regulations of the Commissioner"; (2) his opinion appeared to be based on Plaintiff's subjective reports rather than objective medical evidence; and (3) he did not provide a basis for the limitations he provided. *Id.*

### A.   Unemployability

As noted, the Commissioner argues the ALJ properly rejected Dr. Horowitz's opinion of Plaintiff's unemployability because it was "based on an issue that is reserved under the Regulations of the Commissioner." Tr. 19. While an ALJ may discount a conclusion of a claimant's ability to perform work, it may not be the sole basis for rejecting other limitations described in the opinion. *See* 20 C.F.R. § 404.1520b(c)(3)(i); *also see Ghanim v. Colvin*, 763

F.3d. 1154, 1161 (9th Cir. 2014) (citation omitted) ("An ALJ may not simply reject a treating physician's opinions on the ultimate issue of disability. An ALJ may only reject a treating physician's contradicted opinions by providing specific and legitimate reasons that are supported by substantial evidence.") (internal quotation and citation omitted). Regardless of Dr. Horowitz's conclusion regarding Plaintiff's unemployability, the ALJ was required to address the doctor's opined functional limitations.

### B. Subjective Reports

The Commissioner next argues the ALJ properly rejected Dr. Horowitz's opinion because it appeared to be based on the Plaintiff's subjective reports and not on objective medical evidence. Tr. 19. Although an ALJ may in some circumstances discount an opinion that relies on subjective reports, the ALJ's rejection of Dr. Horowitz's opinion here was improper for several reasons. First, as explained above, the ALJ failed to supply legally sufficient reasons for rejecting Plaintiff's subjective symptom testimony. Second, the Ninth Circuit has explained that self-reports in the psychiatry context differ from other treatment settings. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. . . . Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness.").

Third, a review of Dr. Horowitz's treatment records demonstrates that the doctor's opinion was based on detailed reports, as well as clinical observations and findings. *See, e.g.*, Tr. 311 (April 2017: reporting constant pain from fibromyalgia and observing inability to stand or sit for long periods of time); Tr. 383 (September 2018: reporting boredom and observing

frustration); Tr. 382 (October 2018: observing status as unchanged from previous session), Tr. 352 (November 2018: reporting PTSD and observing PTSD from witnessing dog's death); Tr. 380 (December 2018: reporting cold temperatures increase fibromyalgia and observing status as unchanged); Tr. 379 (January 2019: reporting concerns for her service dog and assessing PTSD triggers from memories and visions of her dog getting attacked and killed). *See Regennitter v. Comm'r Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) (citation omitted) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his own conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."). As such, this was not a specific and legitimate reason to reject the opinion.

### C.    No Basis for Limitation Provided

Finally, the Commissioner argues the ALJ properly rejected Dr. Horowitz's December 2018 medical questionnaire because he did "not provide a basis for the limitations he provided." Tr. 19. An ALJ may "permissibly reject[] . . . check-off reports that [do] not contain any explanation of the bases of their conclusions." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citation omitted). However, an ALJ may not simply cherry-pick evidence to support the conclusion that a claimant is not disabled; rather, the ALJ must consider the evidence as a whole. *See Ghanim v. Colvin*, 763 F.3d. 1154, 1162 (9th Cir. 2014) (citation omitted) ("Such observations must be read in context of the overall diagnostic picture."); *see also Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) ("[T]he ALJ selectively relied on some entries

in [the claimant's] records . . . and ignored the many others that indicated continued, severe impairment.").

The ALJ's characterization of Dr. Horowitz's medical questionnaire was not supported by the record. While Dr. Horowitz found that Plaintiff had "marked" limitations without commentary on page four of the questionnaire, the doctor provided detailed explanations elsewhere in the comprehensive report. Tr. 353–57. *See, e.g.*, Tr. 354 (describing Plaintiff's symptoms including intermittent anxiety, depression, chronic flashbacks, intrusive thoughts, nightmares, impatience, irritability, and emotional); Tr. 355 (checking "marked limitation" on Plaintiff's "ability to understand, remember, and apply information limited by her impairments, symptoms, or medications and their side effects" and explaining that her "depression [and] anxiety limit her ability in these areas"); Tr. 355 (checking "moderate limitation" and "marked limitation" on Plaintiff's "ability to interact with others limited by her impairments, symptoms, or medications and their side effects" and explaining that her "anxiety limits her ability in this area").

An independent review of the record also contains ample support for Dr. Horowitz's opined limitations in his treatment summary letters and session notes. *See, e.g.*, Tr. 311 (April 2017: presenting with signs and symptoms of PTSD, anxiety, nightmares, flashbacks of traumatic event, hyper-vigilance, avoidance of people from crowds, etc., irritability and reduced ability to be patient and assessing ability to interact with others is impaired by chronic anxiety); Tr. 383 (September 2018: observing frustration); Tr. 381 (November 2018: presenting with boredom, sadness); Tr. 352 (November 2018: experiencing intermittent depression and anxiety as well as flashbacks and intrusive thoughts and noting that nightmares, irritability and impatience interfere with functioning especially with others); Tr. 379 (January 2019: presenting

Page 14 — OPINION AND ORDER

boredom and frustration, assessing PTSD triggers from memories and visions of her dog getting attacked and killed).

In sum, the ALJ failed to supply legally sufficient reasons for rejecting Dr. Horowitz's medical opinion.

## IV. Remand

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Stosne v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all of the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Id.* at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act. *Dominguez*, 808 F.3d at 407 (citing *Burrell*, 775 F.3d at 1141 (internal quotation marks omitted)).

Here, other than Plaintiff's conclusory assertion that this "case must be remanded to the Commissioner for an immediate calculation of benefits," Plaintiff does not meaningfully argue why the Court should credit the erroneously rejected evidence as true. As such, the Court finds that remanding for further proceedings is the appropriate remedy. This case is remanded for further administrative proceedings. Upon remand, the ALJ shall: (1) reevaluate Plaintiff's subjective symptom and the lay testimony as well as the medical opinion evidence; and (2) conduct any further necessary proceedings.

## CONCLUSION

For the reasons discussed above, the Commissioner's decision was not based on substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 24th day of September 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge